

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

United States of America ex rel.                    )
                                                     )
**WILLIE BALLE   A-61541**                           )
(Full name and prison number)                        )
(Include name under which convicted)                 )
                                                     )
PETITIONER                                           )

**08CV4945
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN**

        vs.                                          )
                                                     )
**JOSEPH V. MATHY, WARDEN**                          )
(Warden, Superintendent, or authorized               )
person having custody of petitioner)                 )
                                                     )
RESPONDENT, and                                      )
                                                     )
**(Fill in the following blank only if judgment**    )
**attacked imposes a sentence to commence**          )
**in the future)**                                   )
                                                     )
ATTORNEY GENERAL OF THE STATE OF                     )     Case Number of State Court Conviction:
                                                     )
ILLINOIS.                                            )     No. 87 CR 18009
                                                     )
(State where judgment entered)                       )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: **JAMES M. BAILEY, OF THE**

**CIRCUIT COURT OF COOK COUNTY, 2650 S. CALIFORNIA, 60608.**

2. Date of judgment of conviction: **SEPTEMBER, 1988.**

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

**AGGRAVATED CRIMINAL SEXUAL ASSAULT AND ARMED ROBBERY,**

4. Sentence(s) imposed: **NATURAL LIFE.**

5. What was your plea? (Check one)      (A) Not guilty      ( X )
                                        (B) Guilty          (   )
                                        (C) Nolo contendere (   )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

                                        **N/A**

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):        Jury (X )        Judge only (  )

2.  Did you testify at trial?        YES (  )        NO        (X )

3.  Did you appeal from the conviction or the sentence imposed?  YES (X )   NO (  )

   (A)  If you appealed, give the

      (1)    Name of court:    APPELLATE COURT OF ILLINOIS 1st. DIST.

      (2)    Result:        AFFIRMED

      (3)    Date of ruling:    NOVEMBER 29, 1993.

      (4)    Issues raised:    (1) EVIDENCE DID NOT SUSTAINED CONVICTION;
(2) TRIAL JUDGE'S FAILURE TO INSTRUCT JURY ON LESSER

INCLUDED OFFENSE; (3) COMMENTS MADE PROSECUTOR DURING

   (B)  If you did not appeal, explain briefly why not:

                                                                    N/A

4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES (  )        NO (X)

  (A)  If yes, give the

      (1)    Result:

      (2)    Date of ruling:

      (3)    Issues raised:

  (B)  If no, why not:    MY APPELLATE COUNSEL REFUSED TO FILED A PETITION

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )   No (X )

   If yes, give (A) date of petition: _____    (B) date *certiorari* was denied:    _____

2

Revised: 7/20/05

(4) **Issue raised:** OPENING STATEMENT AND CLOSING ARGUMENT WERE PREJUDICIAL: (4) DEFENSE COUNSEL'S FAILURE TO TENDER THEFT INSTRUCTIONS AND JURY VERDICT FORMS FOR THEFT AND CRIMINAL SEXUAL ASSAULT WAS INEFFECTIVE ASSISTANCE.

(B) If no why not: FOR LEAVE TO APPEAL.

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES ( X )   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court:  CIRCUIT COURT OF COOK COUNTY

   B. Date of filing:  MAY 29, 2003.

   C. Issues raised:  CIRCUIT COURT LACKED JURISDICTION TO IMPOSE A NATURAL
      LIFE SENTENCE UNDER THE HABITUAL CRIMINAL ACT BASED ON GUILTY
      PLEAS DEFENDANT MADE IN 1976 AND 1981 AND DEFENDANT

   D. Did you receive an evidentiary hearing on your petition?       YES ( )   NO ( X )

   E. What was the court's ruling?  SUMMARILY DISMISSED THE PETITION.

   F. Date of court's ruling:  NOT MENTION

   G. Did you appeal from the ruling on your petition?          YES ( )   NO ( X )

   H. (a)    If yes, (1) what was the result?  AFFIRMED

             (2) date of decision:  DECEMBER 10, 2004

      (b)    If no, explain briefly why not:  N/A

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES ( )   NO ( X )

      (a)    If yes, (1) what was the result?  SEPTEMBER 28, 2007.

             (2) date of decision:  SEE ATTACHED PAGES.

      (b)    If no, explain briefly why not: _____

3

c. Issues raised: ASSERTED THAT HE NEVER WAS ADVISED THAT THESE
PLEAS COULD LEAD TO HARSHER PENALTIES FOR FUTURE CONVICTIONS.
THE CIRCUIT COURT DETERMINED THAT, RATHER THAN A PETITION FOR
HABEAS CORPUS, DEFENDANT'S PETITION SHOULD BE RECHARACTERIZED AS
A POST-CONVICTION PETITION. AFTER RECHARACTERIZING DEFENDANT'S
PETITION AS A POST-CONVITION PETITION, THE CIRCUIT COURT DISMI-
SSED THE PETITION AS FRIVOLOUS AND PATENTLY WITHOUT MERT.

A. Name of court: CIRCUIT COURT OF COOK COUNTY

B. Date of filing: OCTOBER 3, 2005

C. Issues raised: DEFENDANT ALLEGED THAT HIS TRIAL COUNSEL WAS
INEFFECTIVE FOR FAILING TO OBTAIN RECORDS REGARDING HIS PRE-
TRIAL INCARCERATION IN THE PSYCHIATRIC UNIT OF THE COOK COU-
NTY JAIL, WHICH WOULD HAVE SUPPORTED AN INSANITY DEFENSE OR A

REQUEST FOR A FITNESS HEARING. DEFENDANT ALSO ALLEGED THAT, BY
FAILING TO TURN OVER HIS MENTAL HEALTH RECORDS FROM THE COOK
COUNTY JAIL, THE STATE FAILED TO COMPLY WITH BRADY v. MARYLAND,
373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963).

D. you receive an evidentiary hearing on your petition? YES ( )
NO (X)

E. What was the Court's ruling?  AFTER CONFIRMING THAT DEFEN-
DANT'S PETITION WAS SECOND POST-CONVICTION PETITION, THE CIRC-
UIT COURT DETERMINED THAT DEFENDANT FAILED TO MEET THE CAUSE-
AND-PREJUDICE TEST. THE CIRCUIT COURT DISMISSED THE SECOND

POST-CONVICTION PETITION.

F. Date of court's ruling: NOT MENTION.

G. Did you appeal from the ruling on your petition? YES

(X) NO ( )

H. (a) If yes, (1) what was the result? ON JUNE 1, 2007,

THE APPELLATE COURT ISSUED AN OPINION AFFIRMING THE DISMI-

SSAL OF DEFENDANT'S SUCCESSIVE POST-CONVICTION PETITION

CHALLENGING HIS 1989 CONVICTIONS FOR AGGRAVATED CRIMINAL

SEXUAL ASSAULT AND ROBBERY, BUT VACATING HIS NATURAL LIFE

SENTENCE IMPOSED PURSUANT TO THE HABITUAL CRIMINAL ACT

AND REMANDING THE MATTER FOR RESENTENCING.

(2) date of decision: JUNE 1, 2007.

1. Did you appeal, or seek leave to appeal this decison

to the highest state court? YES (X) NO ( )

(a) If yes, (1) what was the result? ON SEPTEMBER 26, 2007,

THE ILLINOIS SUPREME COURT ISSUED A SUPERVISORY ORDER DIRE-

CTING THE APPELLATE COURT TO 'RECONSIDER ITS JUDGMENT IN

LIGHT OF PEOPLE v. CARDENAS, 209 Ill. App. 3d 217 (1st Dist.

1991), AND PEOPLE V. SIMS, 166 ILL. APP. 3d 289 (1st Dist.

1987), TO DETERMINE IF A DIFFERENT RESULT IS WARRANTED.'

THE APPELLATE COURT, ON FEDRUARY 8, 2008, ISSUED A NEW OPINION. IN ITS OPINION, THE COURT FOUND THAT CARDENAS AND SIMS CONTROL-LED AND THAT DEFENDANT'S PRIOR CONVICTION FOR DEVIATE SEXUAL ASS-AULT COULD BE CONSIDERED A CLASS X FELONY FOR THE PURPOSE OF SENTENCING DEFENDANT TO NATURAL LIFE IMPRISONMENT UNDER THE HABI-TUAL CRIMINAL ACT.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES (x)    NO ( )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

| | | |
|---|---|---|
| 1. | Nature of proceeding | SEE ATTACHED PAGE. |
| 2. | Date petition filed | SEE ATTACHED PAGE. |
| 3. | Ruling on the petition | SEE ATTACHED PAGE. |
| 4. | Date of ruling | SEE ATTACHED PAGE. |
| 5. | If you appealed, what was the ruling on appeal? | SEE ATTACHED PAGE. |
| 6. | Date of ruling on appeal | SEE ATTACHED PAGE. |
| 7. | If there was a further appeal, what was the ruling ? | SEE ATTACHED PAGE. |
| 8. | Date of ruling on appeal | SEE ATTACHED PAGE. |

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court?**    YES ( )    NO (x)

    A. If yes, give name of court, case title and case number: _____

N/A

_____

    B. Did the court rule on your petition? If so, state

        (1) Ruling:    N/A

        (2)  Date:    _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )    NO (X)

    If yes, explain: _____

_____

4

Revised: 7/20/05

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1. Nature of proceeding STATE HABEAS CORPUS.

2. Date petition filed MAY 29, 2003.

3. Ruling on the petition AFTER RECHARACTERIZING DEFENDANT'S PET-ITION AS A POST-CONVICTION PETITION, THE CIRCUIT COURT DISMISS-ED THE PETITION AS FRIVOLOUS AND PATENTLY WITHOUT MERIT.

Date of ruling NOT MENTION.

5. If you appealed, what was the ruling on appeal? THE DENIAL OF HIS HIS PROCEEDING WAS AFFIRMED ON APPEAL.

6. Date of ruling on appeal. DECEMBER 10, 2004.

7. If there was a further appeal, what was the ruling? N/A

8. Date of ruling on appeal N/A

4 Of 1.

## PART III – PETITIONER'S CLAIMS

1.   State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one    See Attached Page.

Supporting facts (tell your story <u>briefly</u> without citing cases or law):

See Attached Page.

(B)  Ground two    See Attached Page.

Supporting facts:

See Attached Page.

Revised:  7/20/05

(A) Ground one
    Supporting facts:

PETITIONER WAS DENIED HIS DUE PROCESS RIGHTS TO ELECT TO
BE SENTENCED UNDER THE LAW IN EFFECT AT THE TIME THE
OFFENSES WERE COMMITTED RATHER THAN THE LAW IN EFFECT AT
THE TIME HE WAS SENTENCED.

In September of 1988, Petitioner was convicted after a

jury trial of one count of aggravated criminal sexual

assault and one count of armed robbery, both offenses

arising from an incident on December 12, 1987 in which

the State alleged that Rochelle Harris was robbed and

sexually assaulted by petitioner(R. 446-60).

The State filed a petition to have Petitioner found to

be a habitual criminal and sentenced to natural life im-

prisonment (R. 516-18). In its petition, the State alle-

ged that Petitioner was eligible to be found a habitua

criminal because petitioner had prior convictions for

Deviate Sexual Assault from April 2, 1976, and Rape,

Deviate Sexual Assault, Armed Robbery and Aggravated

Kidnaping from June 15, 1983 (R. 516-17). The court

found that the State proved petitioner to be a habit-

itual offender and petitioner was sentenced to a term of

natural life imprisonment (R. 524).

The Appellate Court affirmed Petitioner's conviction on

direct appeal on November 29, 1993. On May 29, 2003, Petitioner
filed a "petition for a writ of habeas corpus" (HC C. 7-20).
The circuit court denied petitioner petition after recharacter-
izing it as a post-conviction petition (HC R. 4-8). The denial
of petitioner proceednig was affirmed on appeal on December 10,
2004.

On September 27, 2005, Petitioner filed a post-conviction
petition, alleging that his trial attorney was uneffective for
failing to obtain records pertaining to Petitioner's psychi-
atric treatment in the Cook County Jail while awaiting trial,
failing to investigate both an insanity defense and for not
having Petitioner examined to determine if he was fit for trial
(PC C. 5-13). Petitioner alleged that he had suffered from
chronic schizophrenia, paranoia and hallucinations and was
confined in the psychiatric wing of the jail and was treated
with psychotropic medication (PC C. 11-12). Petitioner also
asserted that he had requested counsel have him evaluated, and
that he had told counsel that he did not understand the char-
ges against him and could not assist in his defense (PC C. 12,
18).

Attached to Petitioner's pro se petition was an affidavit exp-
laining that he was treated at Cermak Hospital in 1987-88 and
that the records custodians at Cermak have told him that they
lost his records (PC C. 5-6). Petitioner stated in his petition

that, while he was treated at Cermak, he was administer-
ed thorazine and other psychotropic drugs daily (PC C.
14). The evaluating doctors at Cermak determined that
Petitioner "was experiencing a break with reality where
he was hearing voices" (PC C. 14).

Petitioner also attached numerous of his psychiatric
records from his various confinements in 1981-82, 1989,
1995, 2000 and 2005 (PC C. 20-42). The records from a
confinement in the Department of Mental Health in 1981-
82, after being found to be unfit for trial in a prior
case, reflect that he complained of hallucinations (PC.
C. 21). Petitioner was found to still be unfit and was
prescribed psychotropic medications (PC C. 23-25).

Ultimately, Petitioner was diagnosed as having substa-
nce abuse disorder with a brief period of psychosis and
antisocial personality disorder (PC C. 25). In 1982,
Petitioner was found to be in remission from psychosis
and fit for trial with medication (PC C. 27-29). The
records from the Menard Psychiatric Center dated Feb-
ruary of 1989 state that Dr. S.D. Parwatikar found
Petitioner to be suffering from paranoid schizophrenia
in remission with medication (PC. C. 31).

Dr. Parwatikar also note that petitioner, prior to
being incarcerated in the present case, "did not take

h

his medication and relapsed which may have something to do
with his behavior at the time of the alleged offense" (PC
C. 31). Petitioner's next mental health evaluation, dated
June 26, 1989, again reflected his auditory hallucinat-
ions, which he may have been suffering because he had not
been getting his medication, and diagnosed Petitioner as
suffering from paranoid schizophrenia (PC C. 32). In Decem-
ber of 1989, Dr. Parwatikar again diagnosed Petitioner as
having paranoid schizophrenia in remission with medi-
cation (PC C. 33).

The 1995 records from Menard diagnosed Petitioner as hav-
ing chronic paranoid schizophrenia, but the diagnosis subs-
equently changed to poly-substance abuse (PC C. 34-36). The
2000 records from the Dixon Correctional Center reflect
that Petitioner suffered major depressive disorder in
 remission and generalized anxiety disorder (PC C. 37-39).
Petitioner took psychotropic medications off and on in 2005
for "depressive disorder NOS" and by July of 2005 was not
diagnosed with any mental disease or defect (PC C. 40-42).

On October 28, 2005, the court summarily dismissed Petit-
ioner's post-conviction petition (PC R. 5-9). The judge
found it to be successive and that Petitioner could not
show cause and prejudice (PC R. 5). Late notice of appeal
was allowed on February 24, 2006 (PC C. 47).

In the Appellate Court, petitioner argued that the court erred in summarily dismissing his petition as successive because, prior to recharacterization of his habeas corpus petition, he was not admonished and given the opportunity to withdraw.

Petitioner also argued that his petition stated the gist of a claim of ineffective assistance of counsel and that his natural life sentence was erroneous because he did not have three qualifying prior convictions under the Habitual Criminal Act.

The Appellate Court held that Petitioner's prior conviction for deviate sexual assault was not the equivalent of a Class X felony and therefore, petitioner due process rights were violated such that he was entitled to a new sentencing hearing.

The State filed a petition for leave to appeal to the Illinois Supreme Court. The Supreme Court, in an order issued September 28, 2007, denied the State's petition for leave to appeal, and directed the Appellate Court "to reconsider its judgment in light of two other Appellate Court cases to determine if a  different result is warranted."

5 of 5.

The Appellate Court, on February 8, 2008, issue a new opinion. In its opinion, the Appellate Court rule, that Sims and Cardenas controlled, and Petitioner's 1976 prior convictions for deviate sexual assault could be considered, as a Class X Felony for the purpose of sentencing him to natural life imprisonment under the Habitual Criminal Act.

And because this argument has been considered and rejected by the Appellate Court in both Sims and Cardenas, the Appellate Court rule that the circuit court's failure to advise petitioner of his due process rights to choose under which statute he wished to be sentenced was, now simply a harmless error.

This Honorable Court should grant the writ because the circuit court did denied petitioner of his due process rights to choose under which statute he wished to be sentenced in the State Court proceedings. And such factual determination was supported by the Appellate Court opinion on June 1, 2007.

5 of 6.

(C)  Ground three _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____


(D)  Ground four _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____


2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

    YES (x)   NO ( )

3.  If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:

_____

                          **N/A**
_____

6

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___ Public Defender Office

(B) At arraignment and plea ___ Same office above.

(C) At trial ___ James Martin Private Attorney who address is no longer

(D) At sentencing ___ listed. Same attorney.

(E) On appeal ___ Public Defender Office.

(F) In any post-conviction proceeding ___ Pro Se.

(G) Other (state): ___ N/A

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (x)

Name and location of the court which imposed the sentence: ___ N/A

Date and length of sentence to be served in the future ___ N/A

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: ___ Aug. 18, 2008
(Date)

___ Willie Balle
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

___ Willie Balle
(Signature of petitioner)

___ A-61541
(I.D. Number)

___ P.O. Box 99, Pontiac, IL, 61764
(Address)

Revised: 7/20/05

DATE: Aug 18, 2008

To: Clerk of the United States District Court,
    Prisoner Correspondent,
    219 South Dearborn Street
    Chicago, Illinois 60604

Dear Clerk:

Find enclosed for filing the original and four (4)
copies of the Petition for Habeas Corpus Relief.
Also find enclosed an extra copy to be stamped with a
filed date, for my records. Along with the $5.00 fil-
ing fee.
Thank you for your time and consideration in this
matter.

Respectfully submitted,

Willie Balle
Reg. No. A-61541
P.O. Box 99
Pontiac, IL. 61764



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


WILLIE BALLE,

    Petitioner,

                                 Case No._____

Vs.


JOSEPH V. MATHY, WARDEN

    Respondet.


### PROOF/CERTIFICATE OF SERVICE


TO: Clerk of the United States District Court,
    Prisoner Correspondent,
    219 South Dearborn Street,
    Chicago, Illinois 60605


    PLEASE TAKE NOTICE that on __Aug. 18, 2008__ ,
2008, I have placed the documents listed below in the
institutional mail at Pontiac Correctional Center, pro-
perly addressed to the parties listed above for mail-
ing through the United States Postal Service:


The original and four (4) copies of Petition For
Habeas Corpus Relief, and filing fee for Petition of
$5.00. Along with enclosed Cover Letter to the Clerk.


PURSUANT to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-


1.



109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: _____Aug. 18, 2008_____

/S/ Willie Balle

Willie Balle
Reg. No. A-61541
Pontiac Correctional
Center
700 W. Lincoln Street
P.O. Box 99
Pontiac, IL. 61764

2.