# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States ex rel. WILLIE BALLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08 C 4945 |
| ) | |
| JOSEPH MATHY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Willie Balle has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it appeared from the face of the petition that it was time-barred, the Court ordered Mr. Balle to show cause why the petition should not be dismissed. Mr. Balle filed a memorandum in response to the Court's order. For the reasons stated below, the Court dismisses Mr. Balle's petition.

### Background

In September 1988, an Illinois state jury convicted Mr. Balle of aggravated criminal sexual assault and aggravated battery, and a judge later sentenced him to a term of life in prison. The Illinois Appellate Court affirmed Mr. Balle's conviction and sentence on November 29, 1993. Mr. Balle states that his appellate lawyer refused to file a petition for leave to appeal to the Illinois Supreme Court.

Almost ten years passed before Mr. Balle filed a post-conviction petition; he filed such a petition on May 29, 2003. An Illinois trial court judge denied the petition, and the

Appellate Court affirmed the denial on December 10, 2004. On September 27, 2005, Mr. Balle filed a second post-conviction petition. A trial judge dismissed the petition on October 28, 2005, and the dismissal was ultimately affirmed on appeal on February 8, 2008.

The Clerk of this Court received Mr. Balle's federal habeas corpus petition on August 29, 2008. On September 10, 2008, the Court ordered Mr. Balle to show cause why the Court should not dismiss his petition as untimely. Mr. Balle filed a coherent and well-thought-out response on September 26, 2008. He stated that he is not familiar with or versed in federal law and explained in detail that he had experienced significant mental health problems over the years.

The first court filing in which Mr. Balle raised an issue regarding his mental health was his second state post-conviction petition, filed in September 2005. In that petition, Mr. Balle alleged that his trial counsel was ineffective in failing to investigate an insanity defense and in failing to have Mr. Balle examined to determine if he was fit to stand trial.

Mr. Balle says that in an earlier criminal prosecution, he was found unfit to stand trial in 1981 and was found fit with medication in 1982. In 1987-88, he received psychiatric treatment at Cermak Hospital, including the administration of psychotropic drugs. In 1989 – apparently after his conviction for the offenses at issue in his habeas corpus petition – Mr. Balle was diagnosed as suffering from paranoid schizophrenia, and for the balance of 1989 he was in and out of remission based on his use and non-use of psychotropic medications. In 1995, while incarcerated at Menard Correctional Center, Mr. Balle was again diagnosed as suffering from paranoid schizophrenia,

2

though the diagnosis was later changed to "polysubstance abuse." In 2000, while incarcerated at Dixon Correctional Center, Mr. Balle was diagnosed as suffering from major depressive disorder and a generalized anxiety disorder. In 2005, he was diagnosed with "depressive disorder NOS," meaning "not otherwise specified" – a sort of catch-all category for depressive disorders that cannot otherwise be classified. By July 2005, Mr. Balle was diagnosed as having no mental disease or defect.

## Discussion

A one-year period of limitation applies to federal habeas corpus petitions filed under section 2254. *See* 28 U.S.C. § 2244(d)(1). The time period during which a properly filed application for state post-conviction relief or other state collateral review does not count against the one-year period. *Id.* § 2244(d)(2).

The limitation period did not take effect until April 24, 1996. By that time, a little under two and one-half years had run since the Appellate Court affirmed Mr. Balle's conviction on direct appeal, and he had not filed a state post-conviction petition. The Seventh Circuit recognized a one-year grace period for persons like Mr. Balle whose habeas corpus time limit had run out before April 24, 1996. *See, e.g., Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). For this reason, Mr. Balle had until April 23, 1997 to file his federal habeas corpus petition. He did not file his petition until over eleven years later, in August 2008.

There is some authority, at least in other contexts, for the proposition that a person's mental illness may toll the statute of limitations, but only if the mental illness actually prevented the person from managing his affairs and thus from understanding

3

his legal rights and acting upon them. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). But although Mr. Balle has submitted documentation supporting a diagnosis of a severe mental illness, he cannot meet the standard the Court has just identified. The problem is that Mr. Balle would have to show that he was continuously disabled from understanding and acting upon his rights, or that there was some other reason why the clock was not running, for the *entire* eleven-plus year period from April 23, 1997 through August 29, 2008, when he filed his federal habeas corpus petition.

The Court assumes that pursuant to 28 U.S.C. § 2244(d)(2), the clock stopped during the periods when Mr. Balle's first and second post-conviction petitions were pending in the state trial courts and on appeal. *See Smith v. Walls*, 276 F.3d 340, 344-45 (7th Cir. 2002) (second Illinois post-conviction petition is considered "properly filed" even if it is later dismissed on procedural grounds because Illinois imposes no preconditions on filing successive petitions). But even taking the pendency of the state post-conviction petitions into account, Mr. Balle still has to account for around seven years and five months after April 23, 2007 when he had no pending state post-conviction petition. This consists of the six years and one month between April 23, 1997 and May 29, 2003, when Mr. Balle filed his first post-conviction petition; plus the nine and one-half months between the affirmance on appeal of the denial of the first post-conviction petition on December 10, 2004 and the filing of the second post-conviction petition on September 27, 2005; plus the six and one-half months between the ultimate affirmance on appeal of the denial of the second post-conviction petition on February 8, 2008 and the filing of the present habeas corpus petition in late August 2008.

4

Assuming the Court gives Mr. Balle a very large benefit of the doubt and excludes the period from April 1997 through May 2003 on the ground that he may have been suffering from untreated paranoid schizophrenia during that period, Mr. Balle cannot exclude from the calculation the entire sixteen months covered by the periods between the end of proceedings on the first petition and the start of proceedings on the second, and between the end of proceedings on the second and the start of proceedings on the habeas corpus petition. The simple reason for this is that Mr. Balle's demonstrated ability to file and pursue his two post-conviction petitions, and the absence of evidence of a diagnosis involving a psychosis during any part of these periods, establish that he cannot meet the *Runyon* standard (assuming it applies in this context) of inability to understand and act on his legal rights. Mr. Balle's claimed lack of understanding of the law, even if (as he suggests) it resulted from advice by his state court public defenders, does not provide a basis for tolling or extending the statute of limitations during these periods. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001).

## Conclusion

For the reasons stated above, the Court dismisses the petition on the grounds that it was not timely filed. The Clerk is directed to enter judgment dismissing the petition.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 9, 2008